UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Joe Lumpkins,<br>       Plaintiff<br><br>   v.<br><br>Entrust Solutions Group, LLC,<br>       Defendant | No. 23 CV 1824<br><br>Judge Jeremy C. Daniel |

**ORDER**

The defendant's motion to dismiss, R. 16, is granted in part and denied in part. The defendant's motion to dismiss Count II is denied. The defendant's motion to dismiss Count III is granted, without prejudice. The defendant's motion to dismiss or strike the plaintiff's class and collective action claims is denied. The plaintiff may file an amended complaint on or before October 31, 2023. The Court takes the plaintiff's motion to for conditional certification and notice to putative class members, R. 32 and R. 33, as well as the defendant's motion regarding executed arbitration agreements, R. 45, under advisement. The defendant has until October 20, 2023, to file the pertinent arbitration agreements, and may do so under seal. The plaintiff has until October 24, 2023, to file any response to any arbitration agreements the defendant files.

**STATEMENT**

The complaint alleges that the plaintiff, Joe Lumpkins, was one of several inspectors employed by the defendant who worked more than forty hours in a workweek but did not receive "time and a half" from the defendant for hours worked in excess of forty. The complaint asserts claims under the Fair Labor Standards Act (Count I), the Illinois Minimum Wage Law (Count II), and the Washington Minimum Wage Act (Count III). The defendant moved to dismiss Counts II and III for failure to state a claim. The defendant also moved to dismiss or strike the plaintiff's collective and class action claims as facially overbroad.

To survive a motion to dismiss under Rule 12(b)(6), a complaint only needs to contain factual allegations that, when accepted as true, are sufficient to "state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-57 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. When

considering a Rule 12(b)(6) motion to dismiss, the Court "must draw all reasonable inferences in the plaintiff's favor." *Vimich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). The Court, however, "need not accept as true statements of law or unsupported conclusory factual allegations." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021).

"The overtime provision in Illinois's Minimum Wage Law provides that: [N]o employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 1/2 times the regular rate at which he is employed." *Wisconsin Cent., Ltd. v. Shannon*, 539 F.3d 751, 758 (7th Cir. 2008) (quoting 820 ILL. COMP. STAT. 105/4a(1)). Here, the plaintiff alleges that: the defendant paid the plaintiff and other inspectors "straight time" for hours worked in excess of forty in a workweek, R. 1 ¶¶ 43, 47; and the plaintiff and other inspectors regularly worked more than sixty hours in a workweek, *id.* ¶¶ 45, 46. These allegations state a claim under the IMWL. Accordingly, the defendant's motion to dismiss Count II is denied.

The Washington Minimum Wage Act is similar to the IMWL in that it also requires employers to pay time and a half to certain employees who work more than forty hours in a workweek. But, "[i]n relevant part, the MWA regulates only employers who are doing business in Washington and who have hired Washington-based employees." *Bostain v. Food Exp., Inc.*, 159 Wash. 2d 700, 719, 153 P.3d 846, 855 (2007). The defendant claims that the plaintiff has not alleged that the plaintiff is a "Washington-based employee."

There is no explicit allegation in the complaint describing the plaintiff as a Washington-based employee. Nor are there any allegation from which the Court could infer that the plaintiff was a Washington-based employee. To determine whether an employee is a Washington-based employee, courts consider several factors, including: where the employment agreement was made; whether the employee lives in Washington; whether the employer has its base of operations in Washington; whether the employee has his base of operations in Washington; whether the employer maintains a work site in Washington; whether the employee leaves Washington as part of the employee's work (and whether the trip begins or ends in Washington); whether the employee receives work assignments from a location in Washington; whether the employee's work is supervised by individuals operating from the employer's location in Washington; the amount of work performed in Washington; and how long the contract requires work in Washington.

Here, the complaint is silent as to where the employment agreement was made, where the plaintiff resides, whether the plaintiff's base of operations was in Washington, whether the defendant maintained a work site in Washington, where the plaintiff received his work assignments, whether the defendant supervised the plaintiff from a location in Washington, or how long the contract required the plaintiff

to work in Washington. The complaint did allege that the defendant is a Delaware corporation headquartered in Illinois, R. 1 ¶¶ 22, which undermines the notion that the plaintiff is a Washington-based employee. Though the complaint alleged that the plaintiff worked more than forty hours in a given workweek in Washington for the defendant (and the defendant's clients), the just means that an employer not based in Washington hired the plaintiff to perform work in multiple states. It does not indicate whether the plaintiff's assignment originated in Washington or whether he worked there continuously for weeks on end during the three-year window during which the alleged violations occurred. Given the factors one must consider to determine whether an employee is a Washington-based employee, there are no allegations in the complaint that support an inference that the plaintiff was a Washington-based employee. Absent an explicit allegation or reasonable inference that the plaintiff was a Washington-based employee, the complaint cannot state a claim under Washington's Minimum Wage Act. Therefore, Count III is dismissed without prejudice.

Finally, the defendant seeks to dismiss or strike the plaintiff's class and collective action claims because the putative class and collective action members include individuals who have released their claims in a previous action. To the extent that is the case, the class and collective action members, as defined in this case, can exclude individuals who recovered on claims through June 3, 2021, which is when the period through which the previous action covered. Accordingly, the defendant's motion to dismiss or strike the class and collective action claims is denied, without prejudice.

Date: 10/17/2023

JEREMY C. DANIEL
United States District Judge