## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOE LUMPKINS, Individually and For Others Similarly Situated, | Case No. 1:23-CV-01824 |
| Plaintiff, | |
| | Hon. Judge Jeremy C. Daniel |
| v. | |
| EN ENGINEERING, LLC d/b/a ENTRUST SOLUTIONS GROUP | |
| Defendant. | |

## ORDER GRANTING APPROVAL OF
## FLSA SETTLEMENT

On this day, the Court considered the Parties' joint motion for approval of an FLSA settlement by Named Plaintiff, Joe Lumpkins, on behalf of himself and the Opt-in Plaintiffs, and Defendant EN Engineering, LLC d/b/a Entrust Solutions Group. The Court has considered the Settlement Agreement and its exhibits, and the submissions of Counsel, and hereby finds and orders as follows:

1.        The Court finds that the settlement memorialized in the Settlement Agreement filed with the Court is fair, reasonable, and adequate. The Settlement is the result of arm's-length negotiations, between experienced attorneys who are familiar with collective action litigation in general and with the legal and factual issues of this case in particular. The settlement, therefore, meets the requirements for approval.

2.        The Court grants approval of the Parties' Settlement Agreement.

3.        The Court approves the full and final extinguishment of the Released Claims of the Settlement Participants as set forth in the Settlement Agreement, as well as the claims of named

Plaintiff Joe Lumpkins that are set forth in Exhibit B to the Settlement Agreement, as a fair and reasonable resolution of a bona fide disputes under the Fair Labor Standards Act (FLSA).

4. This Court approves Simpluris, Inc. as Settlement Administrator to perform duties in accordance with the terms of the Settlement Agreement.

5. With respect to the Settlement Account, the Settlement Administrator shall comply with all of the duties and requirements set forth in the Settlement Agreement and all applicable federal, state, and local laws.

6. The Settlement Administrator is authorized to mail settlement checks to the Plaintiff and Opt-in Plaintiffs as provided in the Settlement Agreement.

7. Upon entry of this Order, the Named Plaintiff and Opt-in Plaintiffs, and anyone acting on their behalf, shall be barred from: (a) pursuing further litigation in this Action; and (b) filing or taking any steps directly or indirectly to commence, prosecute, pursue, or participate in, on an individual or collective basis, any action, claim, or proceeding which asserts claims released in the Settlement Agreement ("Released Claims") against any parties released in the Settlement Agreement (the "Released Parties") in any forum, or otherwise to prevent any such claims from being extinguished.

8. Neither this Order, the Settlement Agreement, nor any other documents or information relating to the settlement of this litigation shall constitute, be construed to be, or be admissible in this litigation or any other proceeding as evidence: (a) that any group of allegedly similarly situated or other employees may maintain a collective action under the FLSA, or comparable state laws or rules, (b) of an adjudication of the merits of this litigation, (c) of an adjudication of any of the matters subject to the Releases in the Settlement Agreement, (d) that any party has prevailed in this case, or (e) that Defendants or the Released Parties have engaged in any wrongdoing.

9.      The Court further dismisses this lawsuit and the claims brought herein with prejudice.

IT IS SO ORDERED.

Dated: June 24, 2025

JEREMY C. DANIEL
United States District Court Judge